# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| REGINA D. MILLER,<br><br>              Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL CORP., *et al.*,<br><br>              Defendants. | Case No. 3:25-CV-00599<br><br>**Chief Judge William L. Campbell, Jr.**<br><br>**Magistrate Judge Barbara D. Holmes** |

**DEFENDANT DOLLAR GENERAL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S ERISA § 502(a)(2) CLAIMS AND TO COMPEL PLAINTIFF'S REMAINING CLAIMS INTO INDIVIDUAL ARBITRATION**

Plaintiff's Response confuses the issues and the law. Dollar General's Motion argued two primary points: (1) Plaintiff's ***ERISA § 502(a)(2)*** breach of fiduciary duty and prohibited transaction claims should be dismissed pursuant to Rule 12(b)(6) for several reasons, including that Plaintiff failed to plausibly allege any harm to the Plan; and (2) Plaintiff's remaining claims, which are all statutory claims brought under ***ERISA § 502(a)(3)***, should be compelled into individual arbitration pursuant to Plaintiff's Arbitration Agreement with Dollar General. Plaintiff flips these arguments around and argues (among other things) that her ERISA § 502(a)(2) claims cannot be compelled into arbitration and that she has sufficiently pled her ERISA § 502(a)(3) claims. Dollar General does not argue otherwise. Once these straw men arguments are eliminated and Dollar General's actual arguments are considered, it is clear that Dollar General's Motion should be granted in its entirety.

## I. Plaintiff's ERISA § 502(a)(2) Claims Should Be Dismissed Because Plaintiff Does Not Plausibly Allege An Injury To The Plan

Plaintiff alleges that Defendants' alleged fiduciary breaches and prohibited transactions resulted in the unlawful "withholding [of] millions of dollars in tobacco surcharges ***from participants' paychecks***." Am. Compl. at ¶ 68 (emphasis added). Allegations of individual harm (as opposed to the Plan-wide harm) are insufficient to state a prohibited transaction or fiduciary breach claim under ***ERISA § 502(a)(2)***. *See, e.g., Parker v. Tenneco, Inc.*, 114 F.4th 786, 794–95 (6th Cir. 2024), *cert. denied*, 2025 WL 76490 (U.S. Jan. 13, 2025) (holding that ERISA "§ 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries") (quoting *LaRue v. DeWolff, Boberg & Ass., Inc.*, 552 U.S. 248, 256 (2008)); *Chirinian v. Travelors Co.*, 2025 WL 2147271, *11 (D. Minn. July 29, 2025) (dismissing § 502(a)(2) claims based on the allegedly unlawful tobacco surcharge for failure to allege harm to the plan); *Fisher v. GardaWorld Cash Servs., Inc.*, 2025 WL 2484271, *7-8 (W.D.N.C. Aug. 28, 2025) (dismissing ERISA §

502(a)(2) claims because the allegedly unlawful tobacco surcharges "are all allegations of harm to individual Plan participants, not the Plan itself"); *Williams v. Bally's Management Group, LLP*, 2025 U.S. Dist. LEXIS 217102, *10, 17 (D.R.I. Nov. 4, 2025) (dismissing breach of fiduciary duty and prohibited transaction claims under ERISA § 502(a)(2) for failure to plausibly allege harm to the plan).

Plaintiff's ERISA § 502(a)(2) claims are not salvaged by her conclusory and speculative allegations that Dollar General's handling of the surcharges (1) left the Plan underfunded; (2) enriched Dollar General to the detriment of the Plan; and/or (3) "diminished the Plan's funding stream." Am. Compl. at ¶¶ 46-48, 74. Indeed, another district court recently dismissed ERISA § 502(a)(2) claims that were based on virtually the same allegations as those made here:

> In her Amended Complaint, the only injuries to the Plan (as opposed to participants in the Plan) alleged by Ms. Williams are speculative, contained in conclusory statements such as Bally's Management having pocketed the tobacco surcharge "to the detriment of the Plan," or that Bally's Management "enriched itself at the expense of the Plan." Although she subsequently argues that the administration of the tobacco surcharge "distorted the Plan's cost-sharing formula and undermined its financial health," Ms. Williams's Amended Complaint lacks any non-speculative facts that would support this assertion.

*Williams*, 2025 U.S. Dist. LEXIS 217102, at **16-17 (internal citations omitted). Because the plaintiff in *Williams* failed to "properly allege any concrete, non-speculative, and redressable injury to the Plan," her ERISA § 502(a)(2) claims were dismissed. *Id.* at *17.

As expected, Plaintiff relies on *Bailey v. Sedgwick Claims Mgmt. Servs. Inc.*, 2025 U.S. Dist. LEXIS 190335 (W.D. Tenn. Sep. 26, 2025), *Mehlberg v. Compass Grp. USA, Inc.*, 2025 WL 1260700 (W.D. Mo. Apr. 15, 2025), and *Mehlberg's* progeny to argue for a contrary result. These decisions, however, fail to explain how the withholding of surcharges from a participant's paycheck plausibly alleges a "harm to the entire plan" (as opposed to harm to the individual participant) and, as such, they are unpersuasive. *See, e..g., Williams*, 2025 U.S. Dist. LEXIS

2

217102, at *17-18, n.3 (acknowledging that its dismissal of the plaintiff's ERISA § 502(a)(2) claims varied from the decisions in *Mehlberg*, *Bokma v. Performance Food Group, Inc.*, 783 F. Supp. 3d 882 (E.D. Va. 2025) and *Waggoner v. The Carle Found.*, Case No. 24-CV-2217, ECF No. 27 (C.D. Ill. Sept. 16, 2025), and finding that those decisions were not persuasive because they did not "assess whether the plaintiffs had properly alleged injury to the plan itself"); *see also Chirinian*, 2025 WL 2147271, *11-12 (finding *Bokma* to be unpersuasive).

Plaintiff's reliance on the *Bailey* decision is misplaced for the separate reason that it erroneously treated the funds withheld from an employee's paycheck as "plan assets." 2025 U.S. Dist. LEXIS 190335, at *52. Building on that false premise, the court in *Bailey* found that the plaintiff sufficiently alleged that the company had unlawfully used plan assets for its own benefit and to the detriment of the plan. *Id.* at *43-44, 57-58. Surcharges withheld from a participant's paycheck are not immediately deemed "plan assets" and *Bailey* erred in finding otherwise. Premiums withheld from an employee's paycheck "do not become Plan assets until 'the earliest date on which [they] can reasonably be segregated from the employer's general assets.'" Def. Memo. [ECF No. 32] at 10 (citing cases). This segregation may take up to 90 days to complete. *See, e.g.*, *Phelps v. CT Enterp.*, 194 F.App'x. 120, 124 (4th Cir. 2005) (explaining that employee contributions under an employee welfare benefit plan become Plan assets not later than 90 days from collection).

Here, Plaintiff does not allege that Dollar General retained the surcharges beyond 90 days. At least one court has found that this pleading failure is fatal to a claim that the company breached its fiduciary duty and dealt with plan assets for its own benefit in violation of ERISA § 406(b)(1). *Fisher*, 2025 WL 2484271, at *8 (dismissing plaintiffs' ERISA § 502(a)(2) self-dealing claim where plaintiffs failed to allege that the company retained the tobacco surcharges withheld from

3

their paychecks beyond 90 days).  With that said, even if the withheld surcharges were properly considered Plan assets (and they are not), Plaintiff has not alleged that the Plan lacked the funds to pay (or ever failed to pay) any benefit claim.  This is a critical pleading failure as the Plan is undisputedly self-funded.  The Plan simply cannot be harmed where it is uncontroverted that Dollar General has sufficiently funded the Plan to allow for the payment of all benefit claims.[1]

Plaintiff's failure to allege any losses to the Plan as a whole is fatal to her ERISA § 502(a)(2) breach of fiduciary duty and prohibited transaction claims.  As such, these claims should be dismissed pursuant to Rule 12(b)(6).

## II. Plaintiff's ERISA § 502(a)(3) Claims Should Be Compelled Into Individual Arbitration Pursuant To Her Arbitration Agreement

Plaintiff does not dispute that (1) she signed an Arbitration Agreement with Dollar General; or (2) her ERISA § 502(a)(3) claims can be compelled into individual arbitration.  Instead, Plaintiff argues that her ERISA § 502(a)(3) claims are carved out from the Arbitration Agreement because they are "claims for benefits."  Pl.'s Resp. at 1, 9. Plaintiff is wrong.

The Amended Complaint does not assert any "claims for benefits."  A claim to recover benefits due under the contractual terms of a plan arises under ERISA § 502(a)(1)(B).[2]  *See* 29 U.S.C. § 1132(a)(1)(B) (granting participants in an employee benefit plan the right "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of his plan.").  Claims brought under ERISA § 502(a)(1)(B) to enforce contractual rights existing under the terms of a plan are separate

---

[1]  Indeed, under Plaintiff's reasoning, a company's mere collection of any medical plan premium (including those unrelated to the tobacco surcharge) would be unlawful self-dealing and a breach of fiduciary duty.  This is not the law.  A company is permitted to charge participants a premium to receive medical benefits under the plan.

[2]  Examples of a claim for benefits include a claim that long-term disability benefits were improperly denied or that benefits due under a company's retirement plan were miscalculated.

4

and distinct from ERISA § 502(a)(3) claims seeking to enforce statutory rights. *See, e.g., Arnold v. Paredes*, 714 F. Supp. 3d 962, 970–71 (M.D. Tenn. 2024) (explaining that "Section 502(a)(2) and (a)(3) claims are generally brought in conjunction to enforce statutory ERISA rights, whereas section 502(a)(1)(B) claims are brought to enforce contractual rights created by the terms of a benefit plan."); *Stanley v. George Wash. Univ.*, 394 F. Supp. 3d 97, 103 (D.D.C. 2019) (same), *aff'd*, 801 F. App'x 792 (D.C. Cir. 2020); *Stephens v. PBGC.*, 755 F.3d 959, 964-67 (D.C. Cir. 2014) (distinguishing ERISA claims "alleging a statutory violation" from "claims for benefits" under "the terms of [employee] benefit plans"); *Kingry v. Consumers Power Co.*, 2025 WL 1271927, *6 (E.D. Mich. Jan. 28, 2025) (ERISA "§ 502(a)(1)(B) and § 502(a)(3) are mutually exclusive"); *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 835–36 (W.D. Tenn. 2010) (similar).

Plaintiff's ERISA § 502(a)(3) statutory claims for non-compliance with ERISA § 702 are not "claims for benefits." *See id.*; *see also Williams*, 2025 U.S. Dist. LEXIS 217102, at *20 (rejecting argument that the plaintiff's challenges to the tobacco surcharge involved a claim that the plaintiff failed to receive a benefit that she was entitled to under the Plan; the court found that the plaintiff's claims were instead "challenges [to] the Plan's compliance with 29 U.S.C. § 1182 [ERISA § 702] and the Departments' regulations."). As such, Plaintiff's ERISA § 502(a)(3) statutory claims are not carved out from the Arbitration Agreement and must be compelled into individual arbitration.

For all of these reasons and those set forth in Dollar General's Motion, Plaintiff's ERISA § 502(a)(2) claims should be dismissed and Plaintiff's ERISA § 502(a)(3) claims should be compelled into individual arbitration.

5

Dated: November 10, 2025                    Respectfully submitted:


                                            */s/ Stanley E. Graham*
                                            Stanley E. Graham (TN Bar No. 019788)
                                            HOLLAND & KNIGHT LLP
                                            511 Union Street, Suite 2700
                                            Nashville, TN 37219
                                            Tel:    615-244-6380
                                            Fax:    615-244-6804
                                            stan.graham@hklaw.com

                                            Lindsey R. Camp, Esq. (admitted *PHV*)
                                            HOLLAND & KNIGHT LLP
                                            777 South Flagler Drive, Suite 1900, West Tower
                                            West Palm Beach, FL 33401
                                            Tel:    561-833-2000
                                            Fax:    561-650-8399
                                            lindsey.camp@hklaw.com

                                            Todd D. Wozniak, Esq. (admitted *PHV*)
                                            HOLLAND & KNIGHT LLP
                                            1180 West Peachtree Street NW, Suite 1800
                                            Atlanta, GA 30309
                                            Tel:    404-817-8500
                                            Fax:    404-881-0470
                                            todd.wozniak@hklaw.com

                                            *Counsel for Defendant Dollar General Corporation*

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on November 10, 2025, a true and correct copy of the foregoing has

been served via the Court's CM/ECF system upon:

Kimberly Dodson, Esq.
Oren Faircloth, Esq.
Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
kdodson@sirillp.com
ofaircloth@sirillp.com

R. Scott Pietrowski, Esq.
Siri & Glimstad LLP
4780 I-55 North, Suite 100
Jackson, MS 39211
spietrowski@sirillp.com

William Hancock Payne, IV, Esq.
Siri & Glimstad LLP
8 Campus Drive
Suite 105 PMB#161
Parsippany, NJ 07054
717-967-5529
Fax: 646-417-5967
wpayne@sirillp.com

*Attorneys for Plaintiff*

    */s/ Stanley E. Graham*